46 F.3d 1124
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Tammy E. HAMPTON, Plaintiff-Appellee,
v.
William D. WHITE, individually as a Policeman with the City
of Ridgeland Police Department, Defendant-Appellant.
 No. 93-2632.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 14, 1994.
Decided Jan. 25, 1995.
 
 Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (CA-93-1287-2-18)
 Stephen P. Hughes, HOWELL, GIBSON & HUGHES, P.A., Beaufort, SC, for Appellant.
 D.S.C.
 REVERSED AND REMANDED IN PART AND AFFIRMED IN PART.
 A. Parker Barnes, Jr., T. Aladdin Mozingo, A. PARKER BARNES, JR., P.A. & ASSOCIATES, Beaufort, SC, for Appellee.
 Before MURNAGHAN and WILKINSON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Tammy Hampton filed a 42 U.S.C. Sec. 1983 (1988) complaint alleging that Officer William White, of the town of Ridgeland (South Carolina) Police Department, maliciously instituted four criminal charges against her. White filed a motion for summary judgment, claiming that he was entitled to qualified immunity for his actions. In opposition to the motion, Hampton filed affidavits claiming that White had maliciously initiated the criminal charges because she had dated his brother-in-law and because she became known locally as a "nigger-lover" based on her friendship with a black woman. The district court denied White's motion.
 
 
 2
 On appeal, White challenges the denial of his qualified immunity defense. We find that White is entitled to qualified immunity for instituting the charges of unlawful use of a driver's license and operating an uninsured motor vehicle. We also find that White is entitled to summary judgment for the charge of illegal use of a telephone. However, we affirm the denial of qualified immunity relating to the charge of possession of marijuana.
 
 
 3
 * Officer White was informed[1] that Hampton had fraudulently applied for a South Carolina driver's license by representing that her license had not been revoked or suspended in any other state when in fact it had been suspended in Georgia. White later stopped Hampton as she was driving a 1989 Mazda pickup truck. The parties dispute whether Hampton was able to produce a driver's license but there is no question that she gave White a registration card which demonstrated that the truck was registered to Tammy D. or Robert Lee Hampton. Hampton also produced an insurance identification card which demonstrated that the vehicle was insured for Lori Usery. White arrested Hampton, charged her with the unlawful use of a motor vehicle license, and impounded the vehicle. Based on this information, Officer White submitted an affidavit setting forth the facts of Hampton's fraudulent application for and unlawful use of a motor vehicle license in violation of S.C.Code Ann. Sec. 56-1-510 (Law. Co-op. Cum.Supp.1993). The Municipal Judge of the Town of Ridgeland issued a warrant for Hampton's arrest.
 
 
 4
 White then called the insurance agency and was informed that the truck was uninsured effective February 5, 1992. Whereupon, White submitted an affidavit setting forth these facts and alleging that Hampton had been operating an uninsured motor vehicle in violation of S.C.Code Ann. Sec. 56-10-240 (Law. Co-op. Cum.Supp.1993). The municipal judge issued an arrest warrant, and Hampton was arrested and charged with the offense.
 
 
 5
 After impounding Hampton's truck, White performed an inventory search of the truck and allegedly found a canister of marijuana behind the radio. White filed an affidavit setting forth these facts and the municipal judge issued an arrest warrant charging Hampton with simple possession of marijuana. White arrested Hampton and charged her with this offense.
 
 
 6
 The day after Hampton's initial arrest, Officer J. L. DuBose received a complaint from Lee Huffstickler alleging that Hampton had been calling him, harassing him, and threatening him. Based on Huffstickler's affidavit relating these facts, the municipal judge issued a warrant for Hampton's arrest, charging her with unlawful use of a telephone in violation of S.C.Code Ann. Sec. 16-17-430 (Law. Co-op. Cum.Supp.1993). Officer DuBose arrested Hampton.
 
 
 7
 After the charges were resolved in Hampton's favor, Hampton filed this Sec. 1983 complaint.
 
 
 8
 White's timely appeal of the denial of qualified immunity is properly before us. Mitchell v. Forsyth, 472 U.S. 511, 526-30 (1985); Young v. Lynch, 846 F.2d 960, 961 (4th Cir.1988). In addition, based on that appeal, this Court has jurisdiction to reach the underlying merits of the unlawful use of a telephone claim. See Wagner v. Wheeler, 13 F.3d 86, 90-91 n. 2 (4th Cir.1993) (Court may consider "any issue fairly presented" in appeal of denial of qualified immunity).
 
 II
 
 9
 Police officers are entitled to qualified immunity from monetary damages for discretionary actions when their conduct, though perhaps unlawful, did not violate any clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 815-16 (1982). Furthermore, the reasonableness test is an objective one which looks to the information that the police officers actually possessed at the time of action. Collinson v. Gott, 895 F.2d 994, 998 (4th Cir.1990) (Phillips, J., concurring).[2]
 
 
 10
 The right which Hampton alleges was violated is her right to be free from illegal arrests and malicious prosecutions; admittedly, this is a clearly established constitutional right. The key issue is whether White could have reasonably believed he had probable cause to arrest Hampton based upon the facts known at the time. See Gooden v. Howard County, 954 F.2d 960, 965 (4th Cir.1992) (en banc).
 
 
 11
 Reviewing de novo the denial of summary judgment on the basis of qualified immunity, see Turner v. Dammon, 848 F.2d 440, 443-44 (4th Cir.1988), we determine that no genuine issue of material facts exists as to whether White could have reasonably believed he had probable cause to arrest Hampton for unlawful use of a driver's license and for operating an uninsured vehicle. However, we find a genuine issue of material fact exists as to whether White could have reasonably believed he had probable cause to arrest and prosecute Hampton for possession of marijuana.
 
 
 12
 A. ARREST AND PROSECUTION FOR UNLAWFUL USE OF A MOTOR VEHICLE LICENSE.
 
 
 13
 The uncontroverted facts show that White had been informed that Hampton's Georgia license had been suspended and that he confirmed this fact with Georgia officials. Furthermore, the record shows that Hampton applied for a South Carolina license within ten days of the date the notice of the suspension was sent by Georgia authorities.
 
 
 14
 Hampton does not contend that her Georgia license was never suspended, but instead argues that she never received notification of the Georgia suspension and thus, made no misrepresentation to South Carolina officials. She also argues that White knew that her South Carolina license was valid.
 
 
 15
 Hampton's contentions focus on her state of mind and are irrelevant to the pertinent inquiry of whether a reasonable officer could believe that there was probable cause to arrest Hampton for unlawful use of a driver's license. See Gooden, 954 F.2d at 965. On these facts, we have no trouble concluding that any reasonable officer would believe there was probable cause to arrest Hampton for the driver's license charge. Therefore, White is entitled to qualified immunity on this claim. Accordingly, we reverse the district court's order and remand with instructions to grant summary judgment in favor of White on this claim.
 
 
 16
 B. ARREST AND PROSECUTION FOR OPERATING AN UNINSURED VEHICLE.
 
 
 17
 The uncontroverted facts demonstrate that at the time he arrested Hampton for operating an uninsured vehicle, White had noticed a discrepancy between the truck's registration and its insurance, had investigated the matter, and had been informed by an insurance agent that the truck was not insured. White then presented these facts to a municipal judge who issued the arrest warrant. Because she failed to present any evidence to demonstrate that a reasonable officer faced with these circumstances would not believe that he had probable cause to arrest her, White is entitled to qualified immunity against Hampton's claim of illegal arrest and malicious prosecution for oper ating an uninsured vehicle.[3] Accordingly, we reverse and remand with instructions to grant summary judgment in favor of Officer White on this claim.
 
 
 18
 C. ARREST AND PROSECUTION FOR POSSESSION OF MARIJUANA.
 
 
 19
 Hampton claimed that Officer White could not have reasonably believed he had probable cause to arrest her on the charge of possession of marijuana based upon the fact he "planted" the evidence when he performed the inventory search of her truck. A claim that officers fabricated evidence in support of a criminal prosecution states a constitutional claim. Cf. Buckley v. Fitzsimmons, 61 U.S.L.W. 4713 (U.S.1993) (prosecutor does not have absolute immunity against claim that he fabricated evidence but may have qualified immunity); Warlick v. Cross, 969 F.2d 303 (7th Cir.1992) (officer entitled to qualified immunity where jury answered special interrogatory by finding that officer did not plant evidence). And, because no reasonable officer could believe that they had probable cause to arrest if the only evidence against the accused was fabricated, an officer is entitled to summary judgment based on qualified immunity only if there is no factual dispute regarding whether he planted the evidence.
 
 
 20
 In response to Hampton's claim, White avers that he did not place the marijuana or the container in which the marijuana was found in the car and the he merely discovered the marijuana "during the course of an inventory search" after Hampton's arrest. Normally, a police officer's statement would be sufficient to dispel a speculative claim that he planted the marijuana. That is, because the search takes place outside of the accused's presence and because the evidence is typically not visible, the accused can usually offer nothing more than mere speculation to refute the officer's disavowal. However, Hampton has produced substantial, specific evidence which, at the least, creates a factual dispute whether White planted the marijuana in Hampton's truck. Cf. Coates v. Daugherty, 973 F.2d 290 (4th Cir.1992).
 
 
 21
 Hampton attested that she did not know that the marijuana was there and that the evidence was "planted." Hampton's companion at the time of the stop corroborated these facts. A man who had repaired Hampton's truck radio, approximately an hour before Hampton was stopped, attested that he had removed the radio, that the marijuana was not there when he examined the radio, that someone would have to know how to remove the radio before she would be able to store the marijuana there, and that it was not easy to remove the radio. Hampton attested that she did not know how to remove the radio. In addition, the owner of the towing company which impounded Hampton's truck attested that he found no marijuana during his eye search of the truck.
 
 
 22
 If the facts are as Hampton alleges them to be, no reasonable officer could have believed Officer White's conduct was lawful. This question cannot be resolved on summary judgment. We affirm the district court's order on this claim.
 
 III
 
 23
 White also alleged that he was not involved in Hampton's arrest or prosecution for unlawful use of a telephone. The district court did not specifically address this issue; rather, the court denied the motion on the general ground that a genuine issue of material fact existed. Because White appeals the denial of qualified immunity, this Court has the jurisdiction to reach the merits of the unlawful use of a telephone claim. Wagner, 13 F.3d at 90-91 n. 2.
 
 
 24
 It is uncontroverted that Officer White was not involved in Hampton's arrest or prosecution for unlawful use of a telephone. Officer DuBose attested that he received a complaint from Lee Huffstickler alleging that Hampton had been calling him, harassing him, and threatening him. Based on Huffstickler's affidavit relating these facts, the municipal judge issued a warrant for Hampton's arrest, charging her with unlawful use of a telephone in violation of S.C.Code Ann. Sec. 16-17-430 (Law. Co-op. Cum.Supp.1993). Officer DuBose also attested that he arrested Hampton and that Officer White had nothing to do with Hampton's arrest and prosecution. Hampton never refuted White's affidavit in this respect.
 
 
 25
 The unrefuted facts demonstrate that White was not involved with Hampton's arrest for unlawful use of a telephone. Because a rational trier of fact could not find for Hampton under these facts, we find that White was entitled to summary judgment. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Wagner, 13 F.3d at 90. Accordingly, we reverse and remand with instructions to enter summary judgment in favor of White on this claim.
 
 
 26
 In conclusion, White was entitled to qualified immunity on the claims of unlawful use of a license and operating an uninsured vehicle. Accordingly, we reverse and remand with instructions to grant summary judgment on these claims. However, with regard to the claim of possession of marijuana, a genuine issue of material fact exists as to whether White planted the marijuana in Hampton's truck. Accordingly, we affirm the district court's order on that claim. Finally, because a rational trier of fact could not find that Officer White maliciously prosecuted Hampton for illegally using a telephone, we reverse the district court's order and remand with instructions to grant summary judgment on this claim. We dispense with oral argument because the facts and legal contentions are adequately presented and argument would not aid the decisional process.
 
 
 27
 REVERSED AND REMANDED IN PART; AFFIRMED IN PART.
 
 
 
 [1]
 While conducting a routine patrol, White noticed a vehicle being repossessed in front of Hampton's home. In conjunction with verifying ownership of the vehicle, White checked Hampton's driving record
 
 
 [2]
 The district court incorrectly cited Overstreet v. Kentucky Central Life Ins. Co., 950 F.2d 931 (4th Cir.1991), as barring summary judgment in cases of this kind
 
 
 [3]
 Hampton had to file a lawsuit in state court before her insurance company admitted that they had incorrectly determined that the truck was uninsured